**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dirk Thomas STRATER, Defendant–**
**Appellant.**

**No. 04–10427.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 17, 2005.

Decided Sept. 16, 2005.

---

611

Richard F. Cornell, Esq., Reno, NV, for Plaintiff–Appellee.

David R. Houston, Esq., Reno, NV, for Defendant–Appellant.

Before: CANBY and HAWKINS, Circuit Judges, and DUFFY,* Senior District Judge.

### MEMORANDUM **

Dirk Thomas Strater appeals his jury trial conviction for attempted coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b), and travel with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b). Strater was caught in a sting operation initiated by local police in an adult romance chat room on Yahoo.com. Strater argues (1) that he was entrapped and (2) that the district judge should have granted a mistrial because a group of high school seniors attended a brief portion of the trial. We affirm.

## I. ENTRAPMENT

Sufficient evidence supports the jury's finding that Strater was not entrapped.[1] Viewing the evidence in the light most favorable to the government, the jury could have reasonably found in favor of the government as to the issues of inducement and predisposition. *United States v. Poehlman*, 217 F.3d 692, 698 (9th Cir.2000). Detective Heydon did not exert overt pressure on Strater or otherwise persuade him to attempt to engage in sexual conduct with a minor. She merely provided the opportunity to Strater. *See id.* at 701 (*quoting United States v. Gendron*, 18 F.3d 955, 961 (1st Cir.1994)) ("An 'inducement' consists of an 'opportunity' *plus* something else—typically, excessive pressure by the government upon the defendant or the government's taking advantage of an alternative, non-criminal type of motive.").

Even if the government had induced Strater to commit the offense, the government met its burden of proving that he was predisposed to commit the crime. *See Jacobson v. United States*, 503 U.S. 540, 548–49, 112 S.Ct. 1535, 118 L.Ed.2d 174 (1992). The most important factor[2] in

---

\* The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. We review de novo a defendant's entrapment argument. *See United States v. Si*, 343 F.3d 1116, 1125 (9th Cir.2003).

2. Five factors are commonly used to evaluate predisposition:
   (1) the character and reputation of the defendant; (2) whether the government made

evaluating predisposition "is the defendant's reluctance to engage in criminal activity." *United States v. Davis,* 36 F.3d 1424, 1430 (9th Cir.1994). The Supreme Court has said that "ready commission of the criminal act amply demonstrates the defendant's predisposition." *Jacobson,* 503 U.S. at 549–50, 112 S.Ct. 1535 (discussing the typical drug "sting" operation). Strater demonstrated no reluctance to meet the proposed victim after she mentioned her age.

## II. MISTRIAL

■ The district court did not abuse its discretion in denying a motion for a mistrial after a group of high school students visited the courtroom.[3] The brief presence of high school seniors (between five and ten minutes) as spectators during the testimony of the undercover officer was not " 'so inherently prejudicial as to pose an unacceptable threat' to the right to a fair trial." *Norris v. Risley,* 918 F.2d 828, 830 (9th Cir.1990) (quoting *Holbrook v. Flynn,* 475 U.S. 560, 572, 106 S.Ct. 1340, 89 L.Ed.2d 525 (1986)).

**AFFIRMED.**

the initial suggestion of criminal activity; (3) whether the defendant engaged in the activity for profit; (4) whether the defendant showed any reluctance; and (5) the nature of the government's inducement.
*United States v. Jones,* 231 F.3d 508, 518 (9th Cir.2000).

3. We review for abuse of discretion a district court's denial of a motion for mistrial. *United States v. Allen,* 341 F.3d 870, 891 (9th Cir.2003).

